1  DANIEL M. HAYES (SBN 240250)
     dmh@msk.com
2  ELIYAHU NESS (SBN 311054)
     ezn@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Plaintiff Fun Lab IP Co Pty Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FUN LAB IP CO PTY LTD., an Australian proprietary limited company,<br><br>Plaintiff,<br><br>v.<br><br>EUREKA PRODUCTIONS LLC, a Delaware limited liability company, and UNANIMOUS MEDIA, LLC, a California limited liability company,<br><br>Defendants. | CASE NO.  2:19-cv-5159<br><br>**COMPLAINT FOR**<br>**(1) TRADEMARK INFRINGEMENT**<br>**(2) FALSE DESIGNATION OF ORIGIN**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Fun Lab IP Co Pty Ltd. ("Funlab") alleges as follows:

## **PRELIMINARY STATEMENT**

1.  Funlab owns U.S. Trademark Registration No. 5,614,092 for the HOLEY MOLEY word mark, which is attached hereto as Exhibit A.  Funlab also owns U.S. Trademark Registration No. 5,614,098 for the below HOLEY MOLEY design mark, which is attached hereto as Exhibit B.

2. Despite having actual and constructive knowledge of Funlab's ownership of the HOLEY MOLEY marks, Defendant Eureka Productions LLC ("Eureka") filed a trademark application with the U.S. Patent and Trademark Office ("USPTO") seeking to register the exact same word mark in the exact same classes in which Funlab's marks are registered, including the class for entertainment services. On January 14, 2019, the USPTO issued a non-final office action stating that Eureka's application will be denied. The USPTO cited Funlab's registrations and the likelihood that consumers would confuse Funlab's marks with Eureka's proposed mark as bases for the likely denial. The office action stated: "The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer." The USPTO office action is attached hereto as Exhibit C.

3. Funlab uses the HOLEY MOLEY marks in connection with venues where miniature golf is played, including miniature golf competitions. Eureka nevertheless chose to adopt, along with its partner Defendant Unanimous Media, LLC ("Unanimous"), the HOLEY MOLEY name for their own miniature golf course and competitions, which will be televised in a forthcoming network series. The likelihood of confusion is unmistakable.

4. Funlab's transactional counsel contacted counsel for Eureka to attempt to resolve the matter, and to insist that Eureka change the name of its series. To this date, Eureka has not agreed to do so. Indeed, it continues to market its series using the HOLEY MOLEY mark. Accordingly, Eureka left Funlab with no choice but to commence this action to recover damages, including treble damages and attorneys' fees, for Defendants' brazen infringement.

## THE PARTIES

5. Funlab is a privately held, Australian limited liability company whose brands include Holey Moley Golf Club, Strike Bowling, Sky Zone Australia,

1  Archie Brothers Cirque Electriq, Jukes Karaoke Bar, Red Herring Escape Rooms,
2  and B. Lucky & Sons.  Funlab is a leader in out-of-home entertainment.  Its
3  mission is to create "wow" spaces and strive to deliver next level fun to every
4  guest that walks through any of its venues across Australia, New Zealand &
5  Singapore.  Funlab has a company website, https://www.fun-lab.com/, and several
6  social media accounts, through which it markets its brands to a worldwide
7  audience.  Funlab also owns a website for its HOLEY MOLEY brand,
8  https://www.holeymoley.com.au/.

9       6.     Funlab is informed and believes that Eureka is a Delaware limited
10 liability company with a principal place of business at 11766 Wilshire Blvd., Suite
11 460, Los Angeles, CA 90025.  Eureka is the production company responsible for
12 creating and marketing the forthcoming television series "Holey Moley," and is
13 liable for willful infringement of Funlab's registered marks.  Eureka has a website,
14 http://www.eurekagroup.tv/, where it promotes the "Holey Moley" television
15 series, http://www.eurekagroup.tv/press.

16      7.     Funlab is informed and believes that Unanimous is a California
17 limited liability company with a principal place of business at 3373 South
18 Robertson Boulevard, Los Angeles, California 90034.  Unanimous produced the
19 "Holey Moley" television series with Eureka.

## JURISDICTION AND VENUE

21      8.     This is a civil action seeking damages, injunctive relief, and other
22 equitable relief under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

23      9.     This Court has subject matter jurisdiction over Funlab's claims
24 pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  Additionally,
25 this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the
26 amount in controversy is more than $75,000 and the action is between a California
27 citizen and a citizen of a foreign jurisdiction.

28

Mitchell Silberberg & Knupp LLP

3
**COMPLAINT FOR TRADEMARK INFRINGEMENT**

10. This Court has personal jurisdiction over the Defendants because they have purposefully availed themselves of the benefits of doing business in California and have established a continuing presence in California. Defendant Unanimous is a California entity with a California principal place of business and Defendant Eureka has its principal place of business in California. Defendants have also committed the torts complained of herein within California.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred, and the Defendants reside here.

## FACTS APPLICABLE TO ALL CLAIMS

### Funlab and its Intellectual Property Rights

12. Funlab is well known for designing and operating creative venues within which patrons enjoy a variety of activities, including bowling, arcade games, listening to live DJs, trampoline parks, karaoke, and miniature golf. Each venue offers food, beer, and cocktails as well. Funlab's brands have been a smashing, commercial success.

13. Funlab launched its famous brand, HOLEY MOLEY, in 2016. The brand quickly took hold in Australia, grabbing consumers' attention and goodwill through innovative miniature golf course designs and lively, enjoyable atmospheres. Patrons, including families, friends, and companies, throw parties at Holey Moley venues, where they compete against one another at miniature golf.

14. In 2018, Funlab hosted a "Holey Moley Masters" nationwide competition. The event was Australia's biggest competition for miniature golf and offered a $10,000 final prize. That same year Funlab opened Holey Moley venues in New Zealand and Singapore.

15. The totality of the circumstances demonstrate Funlab's use of HOLEY MOLEY in commerce. For example, consumers, including in the United States, encounter the HOLEY MOLEY brand through Funlab's popular social

Mitchell Silberberg & Knupp LLP

4

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

media accounts on Facebook (https://www.facebook.com/holeymoleygolf/), Instagram (https://www.instagram.com/holeymoleygolf/), and YouTube, (https://www.youtube.com/channel/UCmMzkJxVWEpeh8kJZ0EugEw). Reviews on websites like Yelp and Trip Advisor demonstrate that U.S. consumers have visited Holey Moley venues and informed other U.S. consumers of their experiences.

16. Consumers, including consumers in the United States, may book miniature golf events and parties at Holey Moley venues through its website, https://www.holeymoley.com.au/booking/function. Consumers, including consumers in the United States, may also purchase gift cards through the Holey Moley website, https://www.holeymoley.com.au/gift-card.

17. Funlab applied for its HOLEY MOLEY service mark in Australia on August 26, 2016. The registration issued on June 11, 2017.

18. Funlab then applied for a United States HOLEY MOLEY word mark registration pursuant to the Madrid Protocol on November 6, 2017. The application was published for opposition on September 11, 2018. The USPTO granted the service mark on November 27, 2018. Funlab also applied for a United States HOLEY MOLEY design mark on November 6, 2017. The USPTO published the mark for opposition on September 11, 2018. The USPTO granted the registration on November 27, 2018.

19. Both of Funlab's HOLEY MOLEY marks are registered in Classes 41 and 43, including for use with "[e]ntertainment [services], namely, night club entertainment; musical entertainment services, namely, presenting live musical performances; night club services; party planning; providing information, including online, about entertainment, sporting and cultural activities; provision of entertainment facilities, namely, karaoke facilities, facilities and equipment for playing golf, sports and laser tag games; social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members;

provision of indoor recreational facilities, namely, karaoke facilities, facilities and equipment for playing golf, sports and laser tag games; provision of recreational activities in the nature of mini-golf facilities and arcade parlour facilities; recreational services in the nature of mini-golf facilities and arcade parlour facilities; provision of facilities for playing golf; rental of golf equipment; providing karaoke services, namely, karaoke lounge services, hosting social entertainment events, namely, karaoke parties for others; provision of sporting facilities; arranging of games, namely, mini-golf and golf games; providing facilities for pinball and other coin-operated games, namely, amusement arcades."

20. Funlab registered its marks in the United States because it intends to very soon open Holey Moley venues in the United States. Funlab's CEO traveled to the United States in 2018 to hold concrete discussions concerning partnering with a U.S. company to open venues in the United States. Funlab's COO also traveled to the United States in 2019 for meetings regarding potential real estate transactions, and Funlab has identified potential Holey Moley locations in several U.S. states. U.S. Companies have proactively reached out to Funlab concerning Funlab opening Holey Moley venues in the United States, demonstrating that the HOLEY MOLEY mark is already recognized in the U.S. market.
If Defendants are allowed to usurp Funlab's HOLEY MOLEY mark, without obtaining a license and attributing the use of the mark to Funlab as the service mark owner, their infringing conduct will cause permanent damage to Funlab by creating, *inter alia*, reverse confusion in consumers' minds.

**Defendants' Infringing Use of Funlab's HOLEY MOLEY Marks**

21. Defendant Eureka began doing business, according to its website, in January of 2016. Eureka produces mainly reality television series. It has an Australian affiliate, Eureka Productions Pty Ltd. The affiliate also produces television series, including "Drunk History Australia."

22. On September 25, 2018, after Funlab's HOLEY MOLEY service mark applications were already published for opposition by the USPTO, Eureka applied for a HOLEY MOLEY word mark with the USPTO. Eureka applied to register the mark on an intent-to-use basis in Class 41. In the application, Eureka represented falsely to the USPTO that "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

23. On January 14, 2019, the USPTO issued a non-final office action, declining to publish Eureka's application for opposition. The office action is attached as Exhibit C. The USPTO expressly informed Eureka that Eureka's proposed use of the HOLEY MOLEY mark was likely to cause consumer confusion based on the priority and existence of Funlab's HOLEY MOLEY marks. Eureka has not yet responded to the office action to assert any basis as to why the USPTO's conclusion should be changed.

24. Despite the USPTO's non-final rejection of Eureka's application, Eureka, and its partner Defendant Unanimous, announced to the media on April 3, 2019, that they will be releasing their Holey Moley television series, depicting golf competitions on their Holey Moley miniature golf course, on June 20, 2019, on network television. The series is to be hosted by NBA super-star Stephen Curry and include appearances by other celebrities.

25. The "Holey Moley" televised miniature golf show will feature miniature golf competitions, similar to the "Holey Moley Masters" hosted by Funlab in 2018.

26. Given the use of an identical, inherently distinctive name and the similarity of the services the Defendants intend to offer with the services offered by Funlab, Funlab has reason to believe that the Defendants, whether through

Eureka's Australian affiliate or some other means, conceptualized their television series after learning of Funlab's HOLEY MOLEY marks and venues. Indeed, Eureka's co-founders, and other staff members, previously worked for television-industry companies in Australia. Moreover, it is unquestionably true that Eureka knew of Funlab's United States service mark registrations prior to announcing the name of the television series and golf course/competitions, given that the USPTO expressly informed Eureka thereof.

27. Accordingly, Defendants had actual and constructive knowledge that their adoption of the name "Holey Moley" would harm Funlab and constitute trademark infringement. They have also acted with reckless disregard for Funlab's rights.

### Funlab's Efforts to Resolve the Dispute

28. On April 5, 2019, Funlab's trademark counsel in Australia contacted the firm of Holmes Weinberg PC, which submitted the application to register the HOLEY MOLEY word mark to the USPTO on Eureka's behalf. Funlab's counsel informed Eureka that it was aware of Eureka's application, the USPTO's office action, and the announcement that the television series would use the HOLEY MOLEY mark. Funlab objected to the use of its marks, as it would constitute, *inter alia*, trademark infringement.

29. Funlab proceeded to make efforts to resolve the parties' dispute, and to that end the parties exchanged multiple communications. However, to date, Defendants have refused to take appropriate steps to address the significant harm that their conduct will cause to Funlab and the likely confusion that Defendants' conduct will cause in consumers' minds, forcing Funlab to file this action.

## COUNT I

### Federal Trademark Infringement Under 15 U.S.C. § 1114

30. Funlab incorporates herein by reference the allegations of paragraphs 1 through 29 as though fully set forth herein.

31. Funlab is the owner of all right title and interest in the HOLEY MOLEY marks and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114. With actual and constructive notice of Funlab's federal service mark registrations, Defendants have used, and will continue to use, their confusing, identical mark in connection with their television series and other goods and services.

32. Defendants' actions are likely to cause confusion, deception, and mistake among consumers. When Funlab soon opens Holey Moley venues in the United States, consumers will likely conclude that Funlab is affiliated with Defendants. This will harm Funlab in that, *inter alia*, it will be deprived of the right to control how consumers react to the HOLEY MOLEY brand. The televised, advertised, prominent use of the HOLEY MOLEY mark by Defendants will cause reverse confusion that will overwhelm Funlab's legitimate interests in its marks, goodwill, and relationships with potential brand licensees, franchisees, and consumers of Holey Moley services.

33. In the alternative, consumers will likely be confused to believe that Defendants' television series is affiliated with Funlab or otherwise authorized by Funlab. Indeed, persons have already commented to Funlab on the use of the identical mark by Defendants, indicating actual confusion exists.

34. Defendants' actions will cause Funlab significant monetary damages, which Funlab will prove at trial. Defendants' conduct will also cause irreparable injury that has no adequate remedy at law.

35. Defendants know that their use of HOLEY MOLEY is infringing, have reason to know that it is infringing, and/or have been recklessly indifferent to the fact that such use was and is infringing.

36. Defendants' continued and knowing use of Funlab's federally registered marks constitutes intentional infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114, and renders this an exceptional case under 15 U.S.C. § 1117(a). Based on such conduct, Funlab is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest. Funlab seeks an accounting of Defendants' profits.

## COUNT II

### False Designation of Origin Under 15 U.S.C. § 1125(a)

37. Funlab incorporates herein by reference the allegations of paragraphs 1 through 29 as though fully set forth herein.

38. Funlab, as the owner of all common law right, title, and interest in and to the HOLEY MOLEY marks, has standing to maintain an action for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Defendants have, without authorization, on or in connection with their services, used in commerce marks that are confusingly similar to Funlab's marks, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Funlab and/or Funlab with Defendants, and/or as to the sponsorship or approval of Defendants' services and commercial activities.

40. Defendants knew or by the exercise of reasonable care should have known that the adoption and commencement of use in commerce and continuing

use of a mark that is confusingly similar to the HOLEY MOLEY marks would cause confusion, mistake or deception among purchasers, viewers, and the public.

41. Defendants' actions will cause Funlab significant monetary damages, which Funlab will prove at trial. Defendants' conduct will also cause irreparable injury that has no adequate remedy at law.

42. Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Funlab has been deprived and will be deprived of the value of its marks in an amount as yet unknown but to be determined at trial. Funlab seeks an accounting of Defendants' profits, and requests that the Court grant Funlab treble damages.

43. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a), and Funlab is further entitled to its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

44. Funlab prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to:

   a. Requiring Defendants to provide Funlab with an accounting of any and all revenues received in connection with their infringing uses of the HOLEY MOLEY marks;

   b. Issuing injunctive relief to require Defendants, *inter alia*, to (i) inform the public in the credits to their show that HOLEY MOLEY is a registered trademark of Funlab IP Co Pty Ltd and (ii) issue corrective advertising;

   c. Awarding Funlab actual damages and profits pursuant to the Lanham Act, as well as treble damages due to the willful acts alleged herein;

d. Awarding Funlab its full attorneys' fees and costs for this action pursuant to the Lanham Act;

e. Awarding Funlab pre-judgment interest;

f. Imposing a constructive trust over the proceeds unjustly obtained by Defendants from the Holey Moley television series and any associated goods and/or services; and

g. Awarding such other and further relief as this Court may deem just and appropriate.

## JURY DEMAND

Funlab demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: JUNE 13, 2019            MITCHELL SILBERBERG & KNUPP LLP
                                DANIEL M. HAYES
                                ELIYAHU NESS

                                By:   */s/ Daniel M. Hayes*
                                      Daniel M. Hayes
                                      Attorneys for Plaintiff
                                      Fun Lab IP Co Pty Ltd.

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# HOLEY MOLEY

**Reg. No. 5,614,092**
**Registered Nov. 27, 2018**
**Int. Cl.: 41, 43**
**Service Mark**
**Principal Register**

Fun Lab IP Co Pty Ltd  (AUSTRALIA PROPRIETARY LIMITED COMPANY)
90-94 Nicholson St
Abbotsford Vic 3067
AUSTRALIA

CLASS 41: Entertainment, namely, night club entertainment; musical entertainment services, namely, presenting live musical performances; night club services; party planning; providing information, including online, about entertainment, sporting and cultural activities; provision of entertainment facilities, namely, karaoke facilities, facilities and equipment for playing golf, sports and laser tag games; social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members; provision of indoor recreational facilities, namely, karaoke facilities, facilities and equipment for playing golf, sports and laser tag games; provision of recreational activities in the nature of mini-golf facilities and arcade parlour facilities; recreational services in the nature of mini-golf facilities and arcade parlour facilities; provision of facilities for playing golf; rental of golf equipment; providing karaoke services, namely, karaoke lounge services, hosting social entertainment events, namely, karaoke parties for others; provision of sporting facilities; arranging of games, namely, mini-golf and golf games; providing facilities for pinball and other coin-operated games, namely, amusement arcades

CLASS 43: Night club services for the provision of food and drink, namely, bar and cocktail lounge services; providing food and drink; restaurant services; restaurants; bar services

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF INTERNATIONAL REGISTRATION 1381846 DATED 11-06-2017, EXPIRES 11-06-2027

SER. NO. 79-223,801, FILED 11-06-2017

Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms **available at** http://www.uspto.gov.

# EXHIBIT B

# United States of America
## United States Patent and Trademark Office

# HOLEY MOLEY

**Reg. No. 5,614,098**
**Registered Nov. 27, 2018**
**Int. Cl.: 41, 43**
**Service Mark**
**Principal Register**

Fun Lab IP Co Pty Ltd (AUSTRALIA PROPRIETARY LIMITED COMPANY)
90-94 Nicholson St
Abbotsford Vic 3067
AUSTRALIA

CLASS 41: Entertainment, namely, night club entertainment; musical entertainment services, namely, presenting live musical performances; night club services; party planning; providing information, including online, about entertainment, sporting and cultural activities; provision of entertainment facilities, namely, karaoke facilities, facilities and equipment for playing golf, sports and laser tag games; social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members; provision of indoor recreational facilities, namely, karaoke facilities, facilities and equipment for playing golf, sports and laser tag games; provision of recreational activities in the nature of mini-golf facilities and arcade parlour facilities; recreational services in the nature of mini-golf facilities and arcade parlour facilities; provision of facilities for playing golf; rental of golf equipment; providing karaoke services, namely, karaoke lounge services, hosting social entertainment events, namely, karaoke parties for others; provision of sporting facilities; arranging of games, namely, mini-golf and golf games; providing facilities for pinball and other coin-operated games, namely, amusement arcades

CLASS 43: Night club services for the provision of food and drink, namely, bar and cocktail lounge services; providing food and drink; restaurant services; restaurants; bar services

The mark consists of the stylized wording "HOLEY MOLEY", where the "o" in "HOLEY" is represented by a golf ball design.

OWNER OF INTERNATIONAL REGISTRATION 1382766 DATED 11-06-2017, EXPIRES 11-06-2027

SER. NO. 79-224,192, FILED 11-06-2017



Director of the United States
Patent and Trademark Office

**Exhibit B, Page 17**

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

Page: 2 of 2 / RN # 5614098

**Exhibit B, Page 18**